# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN LAMONT SPEARS,

        Petitioner,               Case Number: 2:11-CV-13384

v.                                     HONORABLE LAWRENCE P. ZATKOFF

STEVE RIVARD,

        Respondent.
_____/

## OPINION AND ORDER

In a letter dated November 14, 2011 (docketed by the Court on December 5, 2011, as Docket Entry #4), Petitioner asks the Court a number of questions related to the Court's summary dismissal of his petition for a writ of habeas corpus (*See* Docket #2, Opinion and Order dated August 24, 2011). Petitioner first states that he cannot determine whether the Court's dismissal of his petition was with or with prejudice. The Court hereby confirms for Petitioner that the dismissal was with prejudice because the two issues set forth in his Petition were decided on the merits.

Petitioner also requests that the Court "please reinstate my petition and allow me to return to state court and exhaust my remedies in relation to these federal issues I wish to raise." In essence, Petitioner asks the Court to reconsider its prior ruling and, as such, the Court shall consider Petitioner's letter to be, in part, a motion for reconsideration. In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must: (1) file the motion for reconsideration within 10 days of the Court's prior ruling; (2) demonstrate a palpable defect by which the court and the parties have been misled, and (3) demonstrate that "correcting the defect will

result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(1) and (3). *See also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004); *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997).

In this instance, Petitioner did not timely file the motion for reconsideration. The Court's prior ruling was issued on August 24, 2011, but Petitioner did not prepare his letter until November 14, 2011 (approximately 80 days later). More significantly, Petitioner has not provided the Court with any argument as to how the Court or the parties were misled by a palpable defect or how correcting the defect will result in a different disposition of the case. Therefore, for all of the reasons set forth above, the Court denies Petitioner's motion for reconsideration.

The remaining questions posed by Petitioner in his November 14, 2011, letter would require the Court to provide legal advice. The Court cannot, however, render legal advice to any party, whether represented by counsel or proceeding in pro per. As such, the Court declines to address the balance of Petitioner's questions.

Accordingly, and for the reasons set forth above, the Court hereby DENIES Petitioner's motion for reconsideration (Docket #4).

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 12, 2011

2

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 12, 2011.

> S/Marie E. Verlinde
> Case Manager
> (810) 984-3290